UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OZAN WILLIAMS,

     Petitioner,

  v.

Parole Officer LINDA HUFFMAN,

     Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-2796 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 4, 2021, Ozan Williams ("Petitioner"), appearing *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his state custody. Petition, ECF No. 1. By memorandum and order dated June 23, 2021, ECF No. 4, the Court directed Petitioner to file an affirmation as to why the Petition should not be dismissed as time-barred, which Petitioner subsequently filed on July 13, 2021. Affirmation, ECF No. 5. On November 18, 2021, the Court directed Parole Officer Linda Huffman ("Respondent") to respond to the Petition and Affirmation. ECF No. 8. Accordingly, on December 10, 2021, Respondent moved to dismiss the Petition as time-barred. ECF No. 10. For the following reasons, the Court finds the one-year statute of limitations has expired and GRANTS Respondent's motion to dismiss.

## BACKGROUND

On October 17, 2013, Petitioner was convicted of robbery in the second degree by jury verdict entered in New York State Supreme Court, Richmond County and sentenced to thirteen years of imprisonment and five years of post-release supervision. Petition at 1. On June 21, 2017, the Appellate Division affirmed the conviction. *People v. Williams*, 151 A.D.3d 987 (2d Dep't 2017). On September 28, 2017, the New York Court of Appeals denied Petitioner leave to appeal. *People v. Williams*, 30 N.Y.3d 954 (2017). Petitioner did not subsequently file a writ of *certiorari* to the United States Supreme Court. Petition at 2.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for petitions for writ of *habeas corpus* based on law existing at the time of the conviction. 28 U.S.C. § 2244(d)(1)(A) (the limitations period begins to run from "the date on

1

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Williams v. Artuz*, 237 F.3d 147, 148 (2d Cir. 2001). In the Second Circuit, "the AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or—if the prisoner elects not to file a petition for certiorari—the time to seek direct review via certiorari has expired." *Williams*, 237 F.3d at 151.

The New York Court of Appeals denied Petitioner leave to appeal on September 28, 2017. *People v. Williams*, 30 N.Y.3d 954 (2017). Defendant did not seek direct review by the Supreme Court. Defendant's conviction became final on December 27, 2017, and the one-year limitations period established by the AEDPA began to run on that date. *See Williams*, 237 F.3d at 151; U.S. Sup. Ct. R. 13(1) (providing ninety days after entry of judgment to file a petition for writ of certiorari). Thus, absent some tolling of the one-year statute of limitations period, the Petition must have been filed by December 27, 2018 to be timely. However, the Petition was not filed until June 2, 2021, more than two years after the expiration of the limitations period.

Petitioner seeks to equitably toll the limitations period based on events he claims prevented him from timely filing the instant petition. "The one-year statute of limitations under AEDPA may be tolled for equitable reasons 'only if [petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *Romero v. Rich*, 22-CV-686 (PKC), 2022 WL 1568707, at *3 (E.D.N.Y. May 18, 2022) (Chen, J.) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "To show extraordinary circumstances 'prevented' timely filing, a petitioner must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary

2

circumstances.'" *Nunez v. Danforth*, 20-CV-10230 (PGG) (SDA), 2021 WL 9860226, at *7 (S.D.N.Y. May 6, 2021) (Aaron, J.), *report and recommendation adopted*, 20-CV-10230 (PGG) (SDA), 2022 WL 18027567 (S.D.N.Y. Dec. 30, 2022) (Gardephe, J.).

Here, Petitioner argues he is entitled to equitable tolling because of two incidents he alleges took place at Sing Sing Correctional Facility and which he maintains prevented him from timely filing his petition. First, Petitioner alleges that on or about October 2, 2018, a correctional officer entered his cell and destroyed and discarded "whatever he wanted," including Petitioner's legal papers. Affirmation at 2-3; Pet. Resp., ECF No. 18 at 3. In opposition, Respondent maintains, even if Petitioner's allegations are true, he "has not established that he acted with reasonable diligence during any of the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing." Resp. Mem., ECF No. 15-2 at 5.

In *Valverde v. Stinson,* the Second Circuit considered the extent to which a petitioner's untimeliness is excusable based on extraordinary circumstances. 224 F.3d 129 (2d Cir. 2000). In this case, the petitioner alleged a corrections officer intentionally confiscated his petition shortly before he was due to file. *Id.* The Court of Appeals found for the petitioner and tolled his time to file. *Id.* Citing extraordinary circumstances, the court reasoned the seizure or destruction of petitioner's papers was beyond his control. *Id.* However, the court qualified its holding to the extent it ruled petitioners must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* at 134. The court added, even if a petitioner establishes an extraordinary circumstance exists, they are not entitled to equitable tolling if they "ha[ve] not exercised reasonable diligence in attempting to file after the extraordinary circumstances began." *Id.* Ultimately, the Circuit made clear, while "equitable

3

tolling does not lend itself to bright-line rules," the tolling period is not unlimited. *Id.* ("[T]he tolling period must be sufficient to permit the filing of a petition on or before the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition.").

In applying the *Valverde* court's reasoning, assuming Petitioner's allegations are true, the confiscation of his legal papers constitutes an extraordinary circumstance. However, because Petitioner has failed to demonstrate he exercised reasonable diligence in filing his petition in the intervening time, equitable tolling is unwarranted here. Petitioner reports he notified his appellate counsel, Kathleen Whooley, about the incident in November 2018 and requested copies of his legal briefs at that time, but claims Ms. Whooley did not respond. Pet. Resp. at 3. Petitioner also notes he filed a claim with the New York Court of Claims in May 2019, arguing his legal work was destroyed or discarded by a correctional officer. *Id.* However, his claim was eventually dismissed. *Id.* (noting a dismissal date of August 23, 2019). While the Court acknowledges the efforts Petitioner made until 2019, Petitioner still failed to file the instant Petition until two years following the alleged incident. Without a greater showing to the contrary, the Court lacks sufficient information to conclude Petitioner exercised reasonable diligence in filing his petition.

In addition to the alleged destruction of his legal work, Petitioner alleges he was "badly assaulted" by officers on or about April 11, 2019 and that he was subsequently given "heavy medication that ma[d]e him dizzy" and made it difficult for him to function. Affirmation at 2. Petitioner submitted an Inmate Grievance Program form dated April 22, 2019, which reports an investigation following the alleged incident "reveal[ed] there was an emergency 4/11/19 which resulted in [Petitioner] being bumped by CO M…which caused no injury. Records indicate [Petitioner] was seen by facility medical staff, transported to an outside hospital, and returned to the facility infirmary with no injuries." Affirmation at 7.

4

While the Court is disturbed by Petitioner's allegations, Petitioner has failed to establish this incident prevented him from filing a timely petition under section 2254. A petitioner bears the "burden of showing with specificity how 'his condition adversely affected [his] capacity to function generally or in relationship to the pursuit [of] his rights.'" *Rhodes v. Sheahan*, 13-CV-57 (FJS) (TWD), 2016 WL 890081, at *9 (N.D.N.Y. Jan. 12, 2016) (Dancks, M.J.), *report and recommendation adopted*, 13-CV-57, 2016 WL 894095 (N.D.N.Y. Mar. 8, 2016) (Scullin, J.) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). Petitioners seeking equitable tolling due to mental or physical illness must provide documentation indicating their condition prevented them from timely filing a habeas petition. *Triplett v. Reardon*, 20-CV-1064 (RA) (SLC), 2023 WL 3045737, at *16 (S.D.N.Y. Mar. 31, 2023) (Cave, M.J.) (finding equitable tolling inappropriate when a petitioner claimed he was unable to file timely due to mental incapacity because he presented "no medical records or any other medical evidence for the year before the expiration of the statute of limitations, let alone evidence showing that he had a mental condition or underwent inpatient treatment that 'prevented him from filing his habeas petition' on a timely basis.") (citation omitted); *see also Simpson v. Butricks*, 20-CV-1892 (SVN), 2022 WL 2527973, at *3 (D. Conn. 2022) (Nagala, J.) (explaining "[w]hile a medical condition, 'whether physical or psychiatric, can manifest extraordinary circumstances,' a petitioner carries a burden of establishing 'a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights,'" and finding a petitioner failed to overcome this burden by alleging simply that he was diagnosed with a mental disorder) (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) and *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)).

Petitioner has not provided any medical records or other information indicating the extent of his injuries. Nor has Petitioner described with any particularity the medicine he alleges he was given, the reaction he experienced, and for how long he took it. While medical issues may

constitute an extraordinary circumstance, Petitioner failed to meet his burden of explaining how his condition prevented him from timely filing his petition. Thus, Petitioner has failed to make a showing that would merit equitable tolling of the statute. The Court finds the Petition is time-barred.

## CONCLUSION

The Court GRANTS Respondent's motion to dismiss and DISMISSES Petitioner's petition for writ of *habeas corpus*. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Petitioner and to close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: June 23, 2023
       Brooklyn, New York

6